IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BAMBULA ROSS, #0000309, | ) ) ) |
| Plaintiff, | ) ) No. 3:23-cv-00398 |
| v. | ) ) ) JUDGE RICHARDSON |
| RUTHERFORD COUNTY DETENTION CENTER, *et al.*, | ) MAGISTRATE JUDGE NEWBERN ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Bambula Ross, a pre-trial detainee currently in the custody of the Rutherford County Sheriff's Office in Murfreesboro, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against the Rutherford County Detention Center and Rudd Medical Center after Plaintiff was given a tetanus shot instead of a tuberculosis ("TB") test. (Doc. No. 1).

**I. APPLICATION TO PROCEED IN FORMA PAUPERIS**

Plaintiff filed an Application for Leave to Proceed In Forma Pauperis. (Doc. No. 2). Under the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's Application and supporting materials (Doc. No. 5), it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, Plaintiff's Application (Doc. No. 2) is **GRANTED**.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the

remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he/she[1] now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Rutherford County Sheriff's Office to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his/her present place of confinement,

---

[1] Plaintiff's gender is not clear from the record.

the custodian of his/her inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his/her new place of confinement for continued compliance with this Order.

## II. SCREENING OF THE COMPLAINT

A. <u>PLRA SCREENING STANDARD</u>

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B. <u>SECTION 1983 STANDARD</u>

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To

state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

C. FACTS ALLEGED IN THE COMPLAINT

The following facts are alleged in the complaint and are assumed to be accurate for present purposes.

On March 6, 2023, Plaintiff was taken to the "medical office" for a TB test. (Doc. No. 1 at 5). The test was required for Plaintiff to work in the jail's kitchen. An unspecified nurse administered what was supposed to be a TB test. Plaintiff's skin turned a dark color and "a big knot" formed. (*Id.*)

A few days later, a nurse informed Plaintiff that no results were available from the TB test because Plaintiff had received a tetanus shot "under the skin" instead of a TB test. (*Id.*) The nurse apologized and gave Plaintiff a TB test. Plaintiff now has a scar from where the tetanus shot was administered incorrectly. The nurse told Plaintiff the scar would be permanent. As relief, Plaintiff seeks $50,000 in compensatory damages and $10,000 in punitive damages.

D. ANALYSIS

Plaintiff initiated this action by submitting a "Complaint for Violation of Civil Rights Filed Pursuant to 42 U.S.C. § 1983." (Doc. No. 1 at 1). In the complaint, however, Plaintiff identifies his/her cause of action as "medical malpractice." (*Id.* at 5).

Plaintiff's medical malpractice allegation is a claim under state law, which does not give rise to relief under Section 1983. *See Rankins v. Phillips*, No. 21-2758-SHM-tmp, 2023 WL 2918781, at *2 (W.D. Tenn. Apr. 12, 2023) (citing *Dotson v. Corr. Med. Serv.*, 584 F. Supp. 2d 1063, 1068-69 (W.D. Tenn. 2008)). Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise

jurisdiction over supplemental claims arising under state law if the Court has dismissed all the claims over which it has original jurisdiction. *See, e.g., Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (where a federal court dismisses the underlying federal law claims, the court "should not ordinarily reach the plaintiff's state-law claims") (quoting *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993)); *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) ("'If federal claims are dismissed before trial, the state claims generally should be dismissed as well.'") (quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384-85 (6th Cir. 2003)).

To the extent the complaint can be construed to allege independent state law claims for medical malpractice,[2] the Court declines to exercise supplemental jurisdiction over those claims because Plaintiff's federal law claims must be dismissed, as discussed below. *See* 28 U.S.C. § 1367(c)(3).

The Court will assume for purposes of the required PLRA screening that Plaintiff intends to pursue claims under Section 1983 as well as under Tennessee medical malpractice laws. The complaint names two Defendants to these federal claims: the Rutherford County Adult Detention Center and Rudd Medical Center. However, these Defendants are buildings; neither is "person" who can be sued under 42 U.S.C. § 1983. *Plemons v. CoreCivic Admin. Headquarters*, No. 3:18-cv-00498, 2018 WL 4094816, at *3 (M.D. Tenn. Aug. 28, 2018) (quoting *McIntosh v. Camp Brighton*, No. 14-CV-11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases establishing that prison facilities are inappropriate defendants under § 1983)); *Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing claims against the Bradley County Justice

---

[2] The Tennessee Medical Malpractice Act ("TMMA"), Tenn. Code Ann. §§ 29-26-101, *et seq*., outlines the statutory procedures for filing a medical malpractice claim. For example, all plaintiffs asserting medical malpractice claims in Tennessee must comply with a notice requirement. Tenn. Code Ann. § 29-26-121(a)(1). In addition to the notice requirement, the TMMA also provides that, "[i]n any medical malpractice action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint." *Id*. It is unclear whether Plaintiff has complied with these statutory requirements, to the extent these requirements are applicable to Plaintiff's claims.

Center because is not a suable entity under Section 1983). Even if Plaintiff had named a defendant amenable to suit under Section 1983, however, complaints of malpractice or allegations of negligence are insufficient to entitle plaintiff to relief under Section 1983. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). *See Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012) (quoting *Estelle* and finding that prison's doctor extreme negligence "may support a claim for professional negligence" but not a claim for violation of the Eighth Amendment).[3]

Thus, the complaint fails to state Section 1983 claims upon which relief can be granted against the Rutherford County Adult Detention Center and Rudd Medical Center, and all Section 1983 claims against the Rutherford County Adult Detention Center and Rudd Medical Center will be dismissed.

### III. CONCLUSION

Having screened the complaint pursuant to the PRLA, the Court finds that Plaintiff's allegations against the Rutherford County Detention Center and Rudd Medical Center fail to state Section 1983 claims upon which relief can be granted. These claims are **DISMISSED**.

Having dismissed Plaintiff's federal claims, the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law medical malpractice claims. The complaint's state law claims of medical malpractice are therefore **DISMISSED WITHOUT PREJUDICE**.

---

[3] Here, because Plaintiff was a pretrial detainee at the time of the alleged medical malpractice, Plaintiff's federal claims fall under the Fourteenth Amendment, not the Eighth Amendment. That is because the Due Process Clause of the Fourteenth Amendment provides the same kind (though not always identical) protection to pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) ("The Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees."). Such protection is generally referred to by courts as "Fourteenth Amendment" protection without any reference (beyond an initial reference) to the Due Process Clause.

A plaintiff must satisfy three elements for an inadequate-medical-care claim under the Fourteenth Amendment: "(1) the plaintiff had an objectively serious medical need; (2) a reasonable officer at the scene (knowing what the particular jail official knew at the time of the incident) would have understood that the detainee's medical needs subjected the detainee to an excessive risk of harm; and (3) the prison official knew that his failure to respond would pose a serious risk to the pretrial detainee and ignored that risk." *Trozzi v. Lake Cnty.*, 29 F.4th 745, 757 (6th Cir. 2022). Thus, Plaintiff's allegations of mistake or negligence (as opposed to intentional or reckless action) on the part of the nurse who administered the tetanus shot would be insufficient to satisfy the subjective standard required for a claim under the Fourteenth Amendment as well as the Eighth Amendment.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE